UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LOWELL B. SMITH,<br><br>Plaintiff,<br><br>v.<br><br>STANLEY KNIGHT, Warden,<br><br>Defendants. | No. 1:18-cv-02938-JPH-DLP |

**ENTRY DENYING MOTION FOR PRELIMINARY INJUNCTIVE RELIEF**

Plaintiff Lowell Smith, a prisoner at Plainfield Correctional Facility, has sued the Warden of that same prison in his official capacity for prospective injunctive relief. Now before the Court is Mr. Smith's pro se motion for preliminary injunction. For the reasons explained below, the motion for preliminary relief, dkt [52], is **denied,** but counsel has been recruited to represent Mr. Smith at a hearing on the merits of this action if the claim cannot be resolved through settlement.

**I. Background**

Mr. Smith's complaint alleges that on September 4, 2018, he was transferred to Plainfield Correctional Facility, and at the time he filed his complaint on September 21, 2019, he had not been provided any medication, treatment or evaluation for his blood clotting disorders. Mr. Smith alleges that this placed him in grave danger. The complaint was screened on October 15, 2018, and this Court held that construed broadly, the complaint could be understood to assert an Eighth Amendment claim for failure to treat Mr. Smith's serious medical needs. The complaint was permitted to proceed against Warden Knight in his official capacity for prospective injunctive relief. *See* dkt. 6 (Screening Order).

1

At all times relevant to Mr. Smith's claim for injunctive relief, he was a convicted offender. Accordingly, his treatment and the conditions of his confinement are evaluated under standards established by the Eighth Amendment's proscription against the imposition of cruel and unusual punishment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.").

Pursuant to the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement, meaning they must take reasonable measures to guarantee the safety of the inmates and ensure that they receive adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "The Eighth Amendment safeguards the prisoner against a lack of medical care that 'may result in pain and suffering which no one suggests would serve any penological purpose.'" *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011) (quoting *Estelle v. Gamble*, 429 U.S. 97, 102 (1976)).

The Screening Entry of October 15, 2018, explained that this action could proceed against the Warden in his official capacity under *Ex Parte Young*, 209 U.S. 123, 159-60 (1908). Accordingly, the relief available under this theory is limited to prospective equitable relief for ongoing violations of federal law. *See Nuñez v. Indiana Dep't of Child Services*, 817 F.3d 1042, 1044 (7th Cir. 2016). In this case, such violations are limited to the Warden denying Mr. Smith access to treatment for his blood clotting disorders—including medical appointments and prescription medications—at Plainfield Correctional Facility.

It is clear from the record that while Mr. Smith has received some medical care at the Plainfield Correctional Facility, he is unhappy with the care he has received. Specifically, he contends that he should be given a different blood thinner; that his PT levels should be checked

every week; and that he did not receive his medications for a week. Mr. Smith's medical providers—Wexford of Indiana and its employees—are separate and distinct from the Warden and are not parties to this lawsuit. Consequently, whether they have been deliberately indifferent to Mr. Smith's serious medical needs is outside the scope of this lawsuit which is limited to claims for prospective injunctive relief against the Warden in his official capacity. While the Warden in his official capacity is required to provide access to medical care, he is not responsible for the treatment decisions made by the facility's medical professionals. *See Hayes v. Snyder,* 546 F.3d 516, 527 (7th Cir. 2008) ("The policy supporting the presumption that non-medical officials are entitled to defer to the professional judgment of the facility's medical officials on questions of prisoners' medical care is a sound one.").

## II. Motion for Preliminary Injunction

Mr. Smith filed a "Motion for Immediate Help from the Court, Order to Show Cause for Preliminary Medical Injunction" on August 29, 2019. The motion for preliminary injunction requests 1) that Mr. Smith's medication be changed to XARETO and that he receive once a week PT levels; 2) an assigned wheelchair pusher to get Mr. Smith to his medical appointments including med-line; 3) return of his legal materials that were removed on March 7, 2019; and 4) the ability to access medical experts to testify in this action. The Court directed the defendant to respond. A response was provided on September 13, 2019. See dkt 56. Mr. Smith replied on October 11, 2019. Dkt. 60.

"A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). "To survive the threshold phase, a party seeking a preliminary injunction must satisfy three requirements." *Valencia v. City of Springfield, Illinois*, 883 F.3d 959, 966 (7th Cir. 2018) (internal

3

quotations omitted)). It must show that: (1) "absent a preliminary injunction, it will suffer irreparable harm in the interim period prior to final resolution of its claims"; (2) "traditional legal remedies would be inadequate"; and (3) "its claim has some likelihood of succeeding on the merits." *Id.* Only if the moving party meets these threshold requirements does the court then proceed to the balancing phase of the analysis. *Id*. In the balancing phase, "the court weighs the irreparable harm that the moving party would endure without the protection of the preliminary injunction against any irreparable harm the nonmoving party would suffer if the court were to grant the requested relief." *Id*.

### A. Specific Medical Care and Medications

Mr. Smith seeks a preliminary injunction requiring that his PT levels be evaluated once a week and that he receive the blood thinner XARETO instead of the blood thinner Comadon. Dkt. 52. In support of this relief, Mr. Smith testified that his PT levels used to be evaluated every week, but now they are evaluated only once a month. He states that his PT levels have been off while taking Comadon but they were fine when he took XARETO. He states that remaining on Comadon without weekly evaluation of his PT levels is dangerous and could kill him. Mr. Smith believes that XARETO is safer and more stable.

In response, the Warden states that he is not a medical care provider and cannot order the medical care providers to provide a particular treatment. In support, the Warden provided Mr. Smith's medical record associated with his August 12, 2019, chronic care visit which reflects that Mr. Smith was evaluated by Sheri Wilson, a Physician Assistant. Dkt. 56-2.

In reply, Mr. Smith states that from September 10, 2019, through September 28, 2019, Wexford of Indiana failed to give him blood thinner medication eight times which resulted in a blood clot in his right leg and placement in the prison's infirmary for two weeks. Dkt. 60 at ¶ 4.

The potential relief Mr. Smith may be awarded in this case is limited to an injunction requiring the Warden to provide Mr. Smith with *access to* medical care and imposing sanctions for failing to do so. *See* dkt. 6. Whether Wexford and its employees provided Mr. Smith *with appropriate care*, including whether Mr. Smith's PT levels should have been or should be tested every week and whether Mr. Smith should have been or should be prescribed XARETO, is a separate question and outside the scope of this lawsuit. The Court cannot order the Warden, the only defendant in this case, to order that Mr. Smith be given XARETO and have his PT level evaluated on a weekly basis so that request for relief must be **denied.** *See De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945) (preliminary injunction for a matter "wholly outside the issues in the suit" not appropriate).

### B. Designated Wheelchair Pusher

Mr. Smith seeks an order requiring that he be provided with a designated wheelchair pusher to get him to the med-line and medical appointments. Dkt. 52 at p. 3.[1] This request for relief must also be **denied.** The Court will defer to prison officials regarding how best to run the prison. *Bell v. Wolfish*, 441 U.S. 520, 548 (1979) (stating, "courts should ordinarily defer to [prison officials'] expert judgment in such matters" as the execution of practices needed to preserve internal order and discipline and to maintain institutional security); *McCottrell v. White*, 933 F.3d 651, 664 (7th Cir. 2019) (same). While Mr. Smith has a constitutional right to access to medical care, he does not have a constitutional right to demand that a specific individual be available 24 hours a day to push his wheelchair.

---

[1] Mr. Smith states that he also needs help going to eat and traveling to the mail room. This request for relief is outside the scope of this litigation and is denied on this basis.

The Warden is responsible making arrangements to ensure that Mr. Smith has access to medical care. It doesn't matter whether Mr. Smith is brought to the medical care or if the medical care is brought to him; what matters is that he can access it one way or another. This is the obligation and duty of the Warden. Evidence presented at the merits hearing will reveal whether the Warden has violated his constitutional duty. If the evidence shows that he has, the Court will fashion an appropriate remedy.

**C. Return of Legal Materials**

Mr. Smith seeks an order requiring the Warden to return his legal materials. Mr. Smith alleges that while the Warden has denied having such materials, Mr. Smith has the confiscation reports showing that the materials were taken. Dkt. 52 at p. 4. In response, Mr. Kinison reports that his investigation revealed that no staff members are currently in possession of any legal items, legal mail or paperwork belonging to Mr. Smith. Dkt. 56-1 at ¶ 7.

The complaint does not seek relief for the confiscation of legal materials. Thus, Mr. Smith's request for injunctive relief ordering the Warden to return his legal materials is **denied** because it deals with a matter lying wholly outside the claim for prospective injunctive relief to provide access to medical care raised in this suit. *De Beers Consol. Mines,* 325 U.S. at 220. *See e.g. Howard v. Bartow,* No. 14-CV-237, 2014 WL 6819308, at *3 (E.D. Wis. Dec. 2, 2014) ("The causal connection that [plaintiff] alleges, i.e. that the alleged mail tampering and transfer are the result of his litigating the present lawsuit, is an insufficient connection to permit the court to consider granting relief in this matter as it presently stands."). In addition, Mr. Smith now has the benefit of court recruited counsel who can assist with discovery and litigation of this action.

### D. Expert Witnesses

Finally, Mr. Smith seeks the Court's assistance in arranging for him to communicate via telephone with an outside medical expert that can testify in this case. Dkt. 52 at p. 5. In other words, Mr. Smith seeks the Court's assistance in conducting expert witness discovery. This is not an appropriate issue to be raised through a motion for preliminary injunction. Accordingly, Mr. Smith's motion for a preliminary injunction to arrange for expert witness testimony is **denied.** Luckily for Mr. Smith, he now has Court recruited counsel that can assist him with discovery including arranging for any necessary expert witnesses.

### III. Conclusion

The motion for preliminary injunction, dkt [52], is **DENIED.** Given the limited scope of the claim for injunctive relief and the parties differing views regarding what arrangements are available for Mr. Smith to access medical care at Plainfield Correctional Facility, this action has been set for a bench trial on the merits of Mr. Smith's claims. To facilitate resolution of this action, Court recruited counsel has appeared on Mr. Smith's behalf.

**SO ORDERED.**

Date: 3/4/2020

Distribution:

LOWELL B. SMITH
251281
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168

All Electronically Registered Counsel

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana